UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAUL PLUMMER and NICHOLAS
WHITE, on behalf of themselves
and those similarly situated

        Plaintiffs,

v.                                       Case No:   2:15-cv-37-FtM-38CM

PJCF, LLC,

        Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Plaintiffs Paul Plummer and Nicholas White's Unopposed Motion to Conditionally Certify FLSA Collective Action and Facilitate Notice to Potential Class Members (Doc. #18) filed on April 6, 2015.  Defendant PJCF, LLC d/b/a Salado Pedros neither opposes the conditional certification of the putative class nor the proposed "Class Notice" letter to be sent to all similarly situated employees.  (Doc. #18 at 1 n.1).  Thus, this matter is ripe for review.

## BACKGROUND

This action arises from Plaintiffs Paul Plummer's and Nicholas White's former employment as bartenders at Defendant's restaurant located at 9903 Gulf Coast Main

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Street, Fort Myers, Florida. (Doc. #1 at ¶¶ 10, 21-22). Plummer worked from approximately February 2014 to June 2014, and White worked intermittently from July 2013 to October 2014. (Doc. #1 at ¶¶ 21-22). Defendant paid Plaintiffs the "tip credit" hourly wage rate under the Fair Labor Standards Act ("FLSA").[2] (Doc. #1 at ¶¶ 8, 23, 47); see also 29 U.S.C. § 203(m). Because of the tip credit, Plaintiffs received an hourly wage below minimum wage plus any tips earned.

On January 22, 2015, Plaintiffs initiated this FLSA action to recover unpaid minimum wage. (Doc. #1; Doc. #18 at 3). Plaintiffs claim Defendant unlawfully applied the tip credit. They also assert that Defendant required its bartenders to share tips with managers as part of an invalid tip pool arrangement and to pay the bills of customers who leave the restaurant without paying. (Doc. #1 at ¶¶ 48-49; Doc. #18 at 3 n.4). Because of these allegedly improper pay practices and policies, Plaintiffs contend they received less than minimum wage. (Doc. #1 at ¶ 24). Since Plaintiffs initiated this case, four opt-in plaintiffs, Carlos Garcia, Cristi Hamlin, Philipp Zingraff, and Alicia Weber, have filed consent documents to join in this action. (Doc. #2; Doc. #17; Doc. #23).

Plaintiffs now seek an order conditionally certifying this case as a collective action consisting of former and current bartenders who worked at Defendant's restaurant located at 9903 Gulf Coast Main Street, Fort Myers, Florida, between July 1, 2013, and January 22, 2015, and who were paid a tipped minimum wage. (Doc. #18 at 4, 17-18). As stated, Defendant does not oppose conditional certification.

---

[2] The FLSA requires an employer to pays its employees a minimum wage. See 29 U.S.C. § 206(a). As an exception to the minimum wage requirement, "an employer may pay an employee a cash wage below the minimum wage . . . so long as the employer supplements the difference with the employee's tips; this is known as an employer taking a 'tip credit.'" Rubio v. Fuji Sushi & Teppani, Inc., No. 6:11-cv-1753, 2013 WL 230216, at *2 (M.D. Fla. Jan. 22, 2013) (citing 29 U.S.C. § 203(m)).

**DISCUSSION**

**A. Conditional certification**

The FLSA permits employees to bring collective actions against employers accused of violating the statute's mandatory minimum wage provisions. See 29 U.S.C. § 216(b) ("An action . . . may be maintained against any employer . . . by one or more employees for and in behalf of himself or themselves and other employees similarly situated."). Participants in FLSA collective actions must affirmatively "opt-in" to the suit by filing "consent in writing to become such a party" with the court where the suit is pending. Id. "That is, once a plaintiff files a complaint against an employer, any other similarly situated employees who want to join must affirmatively consent to be a party and file written consent with the court." Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1259 (11th Cir. 2008) (citation omitted).

The Eleventh Circuit recommends a two-tiered procedure for district courts to follow in determining whether to certify a collective action under § 216(b). See Cameron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1243 n.2 (11th Cir. 2003) (citing Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001)). The first tier, known as the notice stage, is relevant here. At the notice stage, the district court "conditionally certifies" a class and authorizes notice to be sent to potential class members. See Hipp, 252 F.3d at 1218-19. The court usually bases its decision on the pleadings and any affidavits submitted in support of conditional certification. See Cameron-Grant, 347 F.3d at 1243. "The court must also determine whether there are other employees who desire to opt-in and whether those employees are similarly situated." Ciani v. Talk of The Town Restaurants, Inc., No. 8:14-cv-2197, 2015 WL

226013, at *2 (M.D. Fla. Jan. 16, 2015) (citations omitted)).  This determination is made using a "fairly lenient standard."  Hipp, 252 F.3d at 1218.  Once additional class members have joined, the court proceeds to the second tier where it makes a fact specific determination whether the original and opt-in plaintiffs are truly similarly situated.  See id. at 1218-19.

With these principals in mind, the Court turns to Plaintiff's unopposed request for conditional certification.

**B. Conditional certification analysis**

1. Other individuals seek to join the suit

The record reflects two named plaintiffs, Paul Plummer and Nicholas White, and four opt-in plaintiffs, Carlos Garcia, Cristi Hamlin, Philipp Zingraff, and Alicia Weber, who have filed consent documents to join in this action.  (Doc. #2; Doc. #17; Doc. #23).  Although there is no magic number requirement for the notice stage, the presence of three opt-in plaintiffs, each having filed a declaration describing Defendant's applicable wage and hour policies and their desire to join in this suit, satisfies the Court that others desire to join in the action.  (Doc. #2-1; Doc. #17; Doc. #18-2); see also Ciani, 2015 WL 226013, at *2-3 (granting FLSA conditional certification upon considering affidavits from two servers who also complained of the defendant improperly applying the tip credit); Robbins-Pagel v. WM. F. Puckett, Inc., No. 6:05-cv-1582, 2006 WL 3393706, at *2 (M.D. Fla. Nov. 22, 2006) (finding three affidavits alleging claims of unpaid overtime was sufficient to establish that other individuals were interested in joining the action).  Under the "fairly lenient standard" appropriate at this stage of the proceedings, the Court is

satisfied that Plaintiffs have met their burden of showing that other employees seek to join the action.

    2. <u>Employees are similarly situated</u>

Before providing notice, the named-plaintiff need only show a "reasonable basis" for the claim that "similarly situated" employees seek to join the action. See <u>Simpkins v. Pulte Home Corp., No. 6:08-cv-130, 2008 WL 3927275, at \*5 (M.D. Fla. Aug. 21, 2008)</u> ("[T]he plaintiffs bear the burden at all times to demonstrate that the class is similarly situated." (citation omitted)). The plaintiffs' burden is "not particularly stringent, fairly lenient, flexible, not heavy, and less stringent than that for joinder under Rule 20(a) or for separate trials under 42(b)." <u>Morgan, 551 F.3d at 1260</u> (citations omitted). Although this burden is not heavy, the court needs more than unsupported assertions of FLSA violations. See <u>Simpkins, 2008 WL 3927275, at \*2</u>; <u>Brooks v. Rainaldi Plumbing Inc., No. 6:06-cv-631, 2006 WL 3544737, at \*2 (M.D. Fla. Dec. 8, 2006)</u>. "Evidence of similarly situated employees who desire to opt in may be based on affidavits of other employees, consents to join the lawsuit filed by other employees, or expert evidence on the existence of other similarly situated employees." <u>Hart v. JPMorgan Chase Bank, N.A., No. 12-cv-00470, 2012 WL 6196035, at \*4 (M.D. Fla. Dec. 12, 2012)</u> (citations omitted). But "plaintiff's or counsel's belief in the existence of other employees who desire to opt in and unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify certification of a collective action and notice to a potential class." <u>Id.</u> (citations omitted).

For purposes of defining the "similarly situated class" under <u>§ 216(b)</u>, the plaintiffs need only show that the defined class is comprised of representatives who are similarly

5

situated to the plaintiffs as to their "job requirements and pay provisions." Dybach v. State of Fla. Dep't of Corr., 942 F.2d 1562, 1567-68 (11th Cir. 1991); see also Grayson v. K Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996) (stating, at the notice stage, "[p]laintiffs need only show 'that their positions are similar, not identical,' to the positions held by the putative class members" (citations omitted)).

In support of Plaintiffs' assertion that there are additional similarly situated individuals who wish to opt-in, they offer the following evidence: (1) Plummer's declaration that he has "personal knowledge that all of the other bartenders [he] worked with were subject to the same policies and practices because they were also paid the tipped credit wage and required to pay for walkouts and to share tips with a manager who was not part of a valid tip pool arrangement" (Doc. #18-2 at ¶ 10); (2) Plummer's declaration that "[s]ince this lawsuit began, [he] talked to other bartenders who would like to become a part of the lawsuit" (Id. at ¶ 11); and (3) the declarations of Carlos Garcia, Christi Hamlin, Nicholas White that they worked as bartenders at Defendant's restaurant in question and were subjected to allegedly violative wage and hour policies on the tip credit, tip pool and customer walkouts. (Id. at 5-10). Under the "fairly lenient standard" appropriate at this stage of the proceedings, the Court is satisfied that Plaintiffs have provided a reasonable basis for their assertion that there are additional similarly situated individuals who wish to opt-in. Indeed, Defendant does not object that Plaintiffs have sufficiently shown that its tip credit, customer walkout, and tip pool policies are common to all bartenders in the proposed class to warrant conditional certification. (Doc. #18 at 3-5; Doc. #18-2).[3]

---

[3] After discovery, Defendant may move for decertification of the conditionally certified class and argue that Plaintiffs and the putative class members are not similarly situated to proceed collectively to trial.  See Vondriska v. Premier Mortg. Funding, Inc., 564 F. Supp. 2d 1330 (M.D. Fla. 2007) (suggesting that waiting until the decertification stage to consider these issues is the general practice in the Eleventh Circuit).

Accordingly, the Court finds that conditional certification is warranted. Thus, the Court turns to the content and dissemination of the proposed class notice. See Hipp, 252 F.3d at 1218 (providing if conditional certification is granted, putative class members are given notice of the pending action and the opportunity to opt-in the pending action).

**C. Content and dissemination of the proposed class notice**

Plaintiffs' unopposed class notice (Doc. #18-4) is also before the Court. Court-authorized notice in a class action context helps to prevent "misleading communications" and ensures the notice is "timely, accurate, and informative." Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 171 (1989). In general, notices to potential class members in FLSA cases should contain certain information. For example, notices should include language regarding potential liability for costs and attorney's fees and appropriate definitions of the potential class. Teahl, 2015 WL 179367, at *7 (citations omitted)).

Upon reviewing Plaintiff's proposed Class Notice (Doc. #18-4), the Court is concerned that it does not fully advise potential class members that Defendant may attempt to recover its attorneys' fees and costs from the potential class members if Plaintiffs are unsuccessful. See Teahl, 2015 WL 179367, at *7 (rejecting a proposed class notice that did not warn potential class members of their responsibility of paying attorney fees if they were unsuccessful); Smith v. Cable Wiring Specialist, Inc., No. 2:14-cv-277, 2014 WL 4795160, at *3 (M.D. Fla. Sept. 25, 2014) (concluding "the notice should warn potential class members that, should [the defendant] prevail, all class members may be held responsible for [the defendant's] defense costs" (citation omitted)); Robbins-Pagel v. Puckett, No. 6:05-cv-1582-Orl-31DAB, 2006 WL 3393706, at *3 (M.D. Fla. Nov. 22, 2006) (finding plaintiff's proposed notification and opt-in form inadequate "because it

fail[ed] to inform potential plaintiffs that, if they do opt-in and are unsuccessful on the merits of their claim, they may be responsible for the defendant's costs in this matter. Any notice, to be approved by this Court, must include a full disclosure of the individuals' rights *and* responsibilities should they decide to opt-in to the suit. Therefore, Plaintiff must amend the notice form to include such information."). The Court, therefore, directs the parties to file a revised class notice to reflect more adequately the consequences for opt-in Plaintiffs.

Next, Plaintiffs request the Court permit their class notice to be sent to all bartenders within the defined class via first-class mail and electronic mail and posted at Defendant's restaurant. (Doc. #18 at 15). As the parties agree to this form of distribution, the Court will grant it. See Palma v. Metropcs Wireless, Inc., No. 8:13-cv-698, 2014 WL 235478, at *2 (M.D. Fla. Jan. 22, 2014) (determining "that it is appropriate to send notice to the class via first class mail as well as via email. A number of courts have determined that email is an inexpensive and appropriate means of delivering notice of an action to a class (citations omitted)).

Accordingly, it is now

**ORDERED:**

(1) Plaintiffs Paul Plummer and Nicholas White's Unopposed Motion to Conditionally Certify FLSA Collective Action and Facilitate Notice to Potential Class Members (Doc. #18) is **GRANTED**. The Court conditionally certificates a class of current and former bartenders who worked at PJCF, LLC d/b/a Salado Pedros from July 1, 2013, to January 22, 2015.

(2) The parties are **DIRECTED** to jointly file an amended proposed Court-authorized Class Notice for the Court's approval on or before **May 14, 2015**.

(3) Defendant PJCF, LLC is **DIRECTED** to produce to Plaintiff a list containing the names, last known addresses, telephone numbers, and e-mail addresses of putative class members as described above on or before **May 14, 2015**.

(4) All individuals whose names appear on the list produced by Defendant shall have **forty-five (45) days** from the date the notices are initially mailed to file a Consent to Become Opt-In Plaintiffs.

**DONE** and **ORDERED** in Fort Myers, Florida this 30th day of April, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record