UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAUL PLUMMER and NICHOLAS
WHITE, on behalf of themselves and
those similarly situated

       Plaintiffs,

v.                                                                    Case No: 2:15-cv-37-FtM-38CM

PJCF, LLC,

       Defendant.

## REPORT AND RECOMMENDATION[1]

Before the Court is the parties' Joint Motion for Settlement Approval with Incorporated Memorandum of Law (Doc. 45), filed on August 24, 2015. The parties request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim. For the reasons set forth herein, the Court recommends that the settlement be **APPROVED**.

### I.  Background

Plaintiffs, Paul Plummer ("Plummer") and Nicholas White ("White"), brought this claim for failure to pay minimum wages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, seeking recovery of unpaid minimum wage compensation, liquidated damages and reasonable attorneys' fees and costs arising out of their employment as

---

[1] A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen (14) days after issuance of the Report and Recommendation containing the finding or conclusion.

bartenders for Defendant. Doc. 1. Seven other putative Plaintiffs, Carlos Garcia, Cristi Hamlin, Philipp Zingraff, Alicia Weber, Ronald Yacopino, Garett Faukender and Kristen Nelson filed notices of consent to join. Docs. 2, 17, 23, 37, 38, 39.

The Motion states that "[a]fter a full review of the information, the Parties, who have been represented by counsel at all times, agree that the negotiated terms of the settlement represent a fair, reasonable, and just compromise of disputed issues." Doc. 45 at 3. Under the terms of the Settlement Agreement, Defendant has agreed to pay a total of $32,500.00, which represents $16,250.00 to be paid to all Plaintiffs who have opted-in, $15,500.00 for attorneys' fees and administrative and taxable costs, and $750.00 for a total incentive payment to the two named Plaintiffs in recognition for their work on behalf of the class. *Id.*

## II. Analysis

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b), when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

### a. *Payment to Opt-In Plaintiffs*

With respect to the $16,250.00 payable to the class members, $8,125.00 is for unpaid wages and $8,125.00 is for liquidated damages. Doc. 45-1 at 3. Each Plaintiff will receive their pro rata share of the settlement funds. Doc. 45 at 4. "Based on the records exchanged, Plaintiffs assert that the absolute *maximum* amount of wages owed, assuming Plaintiffs were successful on every argument, was approximately $24,431.60, without liquidated damages, attorneys' fees and costs." *Id.* at 3.

Plaintiffs agreed to accept an amount less than the original amount claimed "[t]o avoid the risks and the unknowns as well as the costs of protracted litigation…." *Id.* at 2. Additionally, "[t]he Named Plaintiffs have concluded, based upon their investigation, and taking into account the sharply contested factual and legal issues involved, the expense and time necessary to prosecute the Action through the final

trial, the risks and costs of further prosecution of the Action, the uncertainties of complex litigation, and the substantial benefits to be received pursuant to this Agreement, that a settlement with Defendant on the terms set forth herein is fair, reasonable, and adequate, and in the best interests of the Plaintiffs' Class." Doc. 45-1 at 2.

Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court finds the proposed monetary terms of the settlement to be a fair and reasonable compromise of the dispute. Other courts in this district similarly have approved settlements of half or less of the amount claimed in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation, as the parties have recognized here. *See e.g., Diaz v. Mattress One, Inc.,* 2011 WL 3167248, at *1 (M.D. Fla. July 15, 2011); *see also Dorismond v. Wyndham Vacation Ownership, Inc.*, 2014 WL 2861483 (M.D. Fla. June 24, 2014).

### b. *Attorneys' Fees and Costs*

Under the terms of the Settlement Agreement, Defendant has agreed to pay a total of $15,500.00 for attorneys' fees and administrative and taxable costs. Doc. 45-1 at 4. The parties assert that the amount of attorneys' fees was negotiated separately from the Plaintiffs' recovery and did not affect the amount of Plaintiffs' recovery. Doc. 45 at 5. Pursuant to *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009),

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is

for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorneys' fees and costs were agreed upon separately and without regard to the amount paid to the Plaintiffs. Doc. 45 at 5.

### c. *Incentive Payment to Named Plaintiffs*

With respect to the incentive payment to Plaintiffs, Plummer and White, the Court notes that the FLSA does not provide for representative plaintiffs. *Heath v. Hard Rock Cafe Intern. (STP), Inc.*, No. 6:10-cv-644-Orl-28KRS, 2011 WL 5877506, at *4 (M.D. Fla. Oct. 28, 2011). Thus, "generally no incentive payment to a named Plaintiff in an FLSA collective action is warranted." *Id.* Where the named Plaintiff can establish that he faced substantial risk by participating in the lawsuit and incurred actual expenses, however, Courts have awarded incentive fees in FLSA cases. *Id.* at *5. Courts also have awarded incentive payments to named Plaintiffs who "[have] been actively involved in the litigation since its inception and provided counsel with assistance which lead to a favorable settlement for the entire class." *Id.* (citing *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174 (W.D.N.Y. 2005).

In *Heath*, the court found that the named Plaintiff was entitled to an incentive payment of $1,000.00 because the named Plaintiff was one first people to contact the class attorney regarding potential claims against the Defendants. *Id.* Plaintiff helped draft the complaint and actively participated in the litigation. *Id.* The court

also found that the incentive payment would not reduce the amount paid to other class members. *Id.* Accordingly, the court found the incentive payment to the named Plaintiff to be reasonable.

Similarly, here, Plummer and White have been involved in the litigation since the Complaint was filed. Doc. 1. They have been diligent in representing and pursuing this action. Doc. 45 at 4. The parties state that without their participation, this settlement would not have occurred. *Id.* Accordingly, the Court finds that the $500.00 incentive payment to Plummer and the $250.00 incentive payment to White are reasonable.

### III. Conclusion

The undersigned, having reviewed the terms of the settlement as set forth in the Settlement Agreement (Doc. 45-1), concludes that the settlement appears to be a fair and reasonable resolution of a bona fide dispute under the FLSA.

ACCORDINGLY, it is hereby

**RECOMMENDED:**

1. The Parties' Amended Joint Motion for Approval of Settlement (Doc. 45) be **GRANTED,** and the Settlement Agreement (Doc. 45-1) be **APPROVED** by the Court as a fair and reasonable resolution of a bona fide dispute under the FLSA.

2. The Court enter an order **DISMISSING** this action with prejudice and the Clerk be directed to close the file.

**DONE** and **ENTERED** in Fort Myers, Florida on this 8th day of October, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record